UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY E. PARNELL, | NO. EDCV 09-00770-SS |
| Plaintiff, | |
| v. | MEMORANDUM DECISION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | |
| Defendant. | |

## I. INTRODUCTION

Nancy E. Parnell ("Plaintiff") seeks review of the decision of Michael J. Astrue, Commissioner of the Social Security Administration (the "Commissioner" or the "Agency") denying her application for Supplemental Security Income ("SSI") benefits. For the reasons stated below, the decision of the Agency is AFFIRMED.

//

## II. PROCEDURAL HISTORY

Plaintiff filed an application for SSI benefits on August 14, 2001, alleging disability beginning on December 5, 2000. (AR 56). Plaintiff alleged disability from cervical cancer, Hepatitis C, muscle spasms, nerve damage in the neck, migraines, anxiety and memory loss. (AR 56). The Agency denied Plaintiff's claim initially and on reconsideration (AR 27, 33). On May 21, 2002, Plaintiff sought a hearing before an Administrative Law Judge ("ALJ"). (AR 43-44).

On March 3, 2003, ALJ F. Keith Varni conducted a hearing where Plaintiff testified without representation. (AR 330). On March 28, 2003, the ALJ issued a decision denying benefits. (AR 22-33). Plaintiff sought review of the ALJ's decision before the Appeals Council. (AR 9-13). The Appeals Council declined review on April 27, 2004, and Plaintiff filed a civil action with the District Court on July 13, 2004. (AR 404). The District Court ruled that Judge Varni inappropriately concluded that Plaintiff did not have a severe mental impairment. (AR 413). The District Court remanded the case for further proceedings on July 26, 2005. (AR 404).

Following a supplemental hearing, Judge Varni issued a second unfavorable decision on December 5, 2006. (AR 575). The Appeals Council denied Plaintiff's request for review of the decision, and Plaintiff filed another action with the District Court seeking review. (AR 575). The parties filed a stipulation for voluntary remand, and on April 4, 2008, the District Court again remanded the case. (AR 638).

On November 5, 2008, Plaintiff attended an administrative hearing conducted by ALJ Mason Harrell ("the ALJ"). He issued an opinion denying Plaintiff's application for SSI benefits on February 10, 2009. (AR 583). The Appeals Council denied Plaintiff's request for review, and Plaintiff filed the current action on April 17, 2009.

### III. FACTUAL HISTORY

Plaintiff was born on September 14, 1960. (AR 33). She earned her General Education Certification, and completed two and a half years of college. (AR 599). According to a S & L Medical Group report, Plaintiff has a history of cervical cancer and underwent a hysterectomy in 1997. (AR 598). She also has a history of neck and back pain, stemming from a childhood injury in 1977 and a car accident in 1991 (AR 276, 603). Before alleging disability, Plaintiff worked as a stock person, receptionist, courier, telemarketer, and food preparer. (AR 69).

Plaintiff underwent physical and psychiatric consultive examinations in advance of her March 2003 hearing. During Plaintiff's psychiatric examination, psychiatrist Ernest Bagner noted that Plaintiff displayed signs of anxiety and depression. (AR 255). However, he also noted that Plaintiff "has no limitations interacting with a supervisor, peers, and the public or carrying out simple tasks." (AR 255). On March 4, 2002, Dr. Concepcion Enriquez conducted a physical evaluation. (AR 280). He determined that Plaintiff can stand and walk six hours out of a normal work day. (AR 280).

3

Following the District Court's initial remand, Plaintiff underwent more physical and psychological examinations in 2004, 2005, and 2006. (AR 420-570). At a December 11, 2004 internal medicine consultation, Dr. Gabriel Fabella noted that Plaintiff "has a normal gait and balance . . . and does not require the use of assistive devices for ambulation." (AR 490).

At a June 10, 2006 internal medicine consultation, Dr. Nicholas Lin noted that Plaintiff claimed she had been relying on a cane "for the last seven to eight years." (AR 555). However, Dr. Lin also noted that "no assistive devices were used for ambulation across the room." (AR 555).

In a July 6, 2006 psychiatric consultation, Linda Smith, M.D., examined Plaintiff. (AR 545). Plaintiff alleged she suffers from depression, panic attacks, memory loss, and hallucinations. (AR 536-45). However, Dr. Smith determined that Plaintiff was "highly manipulative throughout the interview. There was no evidence of her claims. There were multiple instances during the interview where she made claims that were not likely." (AR 543-44). Dr. Smith finally noted that "a lot of her interview appeared to be grossly exaggerated . . . I did not see evidence she would be impaired in her ability to work." (AR 544).

Following the second remand, Plaintiff again underwent physical and psychiatric evaluations. On July 25, 2007, Dr. Bryan To conducted an internal medical evaluation. (AR 716). Dr. To noted that "no assistive

4

devices were used [by Plaintiff] for ambulation." (AR 715). However, Dr. To later stated that Plaintiff "refused to ambulate without a cane." (AR 716). Dr. To concluded that Plaintiff "may need a cane for prolong(ed) ambulation." (AR 717). He did not explain why Plaintiff might need to use a cane. (See AR 717). He also noted that there was no evidence of swelling in Plaintiff's joints, and that Plaintiff's range of motion appeared normal. (AR 716). Finally, he determined that Plaintiff's alleged back pain "does not elicit true findings of nerve root irritation." (AR 717).

Plaintiff also underwent another psychiatric evaluation on August 26, 2007. (AR 763). Dr. Jason Yang concluded that "the mental examination today revealed no evidence of cognitive defects, perceptual disturbances or delusional orders at this time. . .[Plaintiff] seems capable of taking care of her own needs." (AR 763).

At her most recent ALJ hearing, Plaintiff alleged that neck pain stemming from a car accident prevented her from working. (AR 603). She also described suffering from depression, headaches, fatigue, insomnia, and hallucinations. (AR 608-11). Neither Plaintiff nor her attorney discussed Plaintiff relying on a cane. (See AR 596-619). She also mentioned feeling drowsy and being unable to drive a car as side effects of her medication. (AR 611, 616). Although Plaintiff testified suffering from side effects, there are no documents in the record showing evidence of side effects.

At the hearing, Plaintiff also described applying and interviewing for jobs after her alleged disability began. (AR 615). Plaintiff also performed some yard work and assisted others in collecting and moving personal property as part-time work after her alleged disability began. (AR 600).

## IV. DISCUSSION

Plaintiff contends the ALJ erred for three reasons. (Jt. Stip. at 2). First, Plaintiff contends that the ALJ failed to consider Dr. Bryan To's opinion regarding Plaintiff's use of a cane. (Jt. Stip. at 3). Second, Plaintiff contends that the ALJ failed to properly consider Plaintiff's testimony regarding her subjective symptoms. (Jt. Stip. at 6). Third, Plaintiff contends that the ALJ did not pose a proper hypothetical question to the vocational expert. (Jt. Stip. at 11). For the reasons discussed below, the Court disagrees with each of Plaintiff's contentions.

1. **The ALJ Properly Considered The Consultive Examiner's Opinion Regarding Plaintiff's Use Of A Cane**

Plaintiff contends that the ALJ did not properly consider Dr. To's opinion regarding Plaintiff's possible need to use a cane. The Court disagrees.

"The ALJ need not accept the opinion of any physician. . .if that opinion is brief, conclusory, and inadequately supported by clinical

findings." Thomas v. Barnhart, 278 F. 3d 947, 957 (9th Cir. 2002); Matney v. Sullivan, 981 F. 2d 1016, 1019 (9th Cir. 1992). In Thomas, the Ninth Circuit held an ALJ correctly rejected a medical diagnosis that was not supported by medical evidence. Thomas, 278 F. 3d at 957. The Thomas court noted that the doctor's own treatment notes and the opinion of other physicians contradicted his diagnosis. Id.

Here, Dr. To opined that Plaintiff "may need a cane for prolong(ed) ambulation."[1] (AR 717). Dr. To did not identify why the Plaintiff might need a cane, or diagnose any medical condition which would require one. (AR 490). In fact, Dr. To noted that "no assistive devices were used for ambulation" during the examination, but later noted that "[Plaintiff] refused to ambulate without using a cane."[2] (AR 715, 716). Plaintiff fails to cite any medical evidence demonstrating that she relies on a cane. (Jt. Stip. at 3-4). Plaintiff and her counsel did not discuss Plaintiff's use of a cane during the most recent hearing. (AR 596-619).

The ALJ rejected Dr. To's diagnosis for two reasons. First, the ALJ determined that there was virtually no evidence that Plaintiff "was

---

[1] Plaintiff repeatedly asserts that Dr. To stated that Plaintiff "needed" to use a cane for ambulation. (Jt. Stip. at 3, 13). This misstates Dr. To's diagnosis.

[2] No other examiner supported Dr. To's diagnosis, and two specifically opined that Plaintiff does not require a cane to ambulate. (AR 490, 555). At one examination, Plaintiff claimed she had been relying on a cane for eight years, but did not require it to walk across the examiner's room. (AR 555).

7

ever prescribed a cane or that she requires a cane to ambulate."[3] (AR 581). Second, the ALJ determined that Plaintiff's occasional yard work is "certainly incompatible with her allegations that she requires a cane to ambulate." (AR 582).

Under Thomas, an ALJ may reject a physician's opinion when it is "brief, conclusory, and inadequately supported by the record." Thomas, 278 F.3d at 957. Here, the ALJ rejected Dr. To's one sentence diagnosis because it lacked evidentiary support and Plaintiff's activities demonstrated she does not require a cane. (AR 600). Like the Thomas diagnosis, Dr. To's own notes and the opinion of other physicians contradict his findings. Id. Accordingly, the ALJ properly considered and rejected Dr. To's diagnosis. Remand is not required.

## 2. The ALJ Made Proper Credibility Findings

Plaintiff next contends that the ALJ did not properly consider Plaintiff's testimony regarding her subjective symptoms. The Court disagrees.

To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ must first evaluate whether Plaintiff presents medical evidence of an underlying impairment which could reasonably be expected to produce pain or the symptoms alleged. Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007). Plaintiff

---

[3] For example, Plaintiff nor Plaintiff's counsel mentioned that Plaintiff required a cane to walk at Plaintiff's administrative hearing. (AR 596-619).

need only show that her impairments could reasonably have caused some degree of the symptom. Id. If the claimant meets this test, the ALJ may only reject the claimant's testimony about the severity of her symptoms by offering specific, clear, and convincing reasons for doing so. Id.

The ALJ may consider the following factors when weighing the claimant's credibility: (1) her reputation for truthfulness; (2) inconsistencies either in her testimony or between her testimony and conduct; (3) her daily activities; (4) her work record; and (5) testimony from physicians and third parties concerning the nature, severity and effect of the symptoms of which she complains. Thomas, 278 F.3d at 958-59. An ALJ may also consider a lack of objective medical evidence when evaluating a claimant's subjective complaints. Rollins v. Massanari, 261 F. 3d 853, 857 (9th Cir. 2001) (citing 20 C.F.R. § 404.1529(c)(2)).

Here, the ALJ provided several clear and convincing reasons for rejecting Plaintiff's testimony. First, the ALJ noted that Dr. Linda Smith determined that Plaintiff was not credible. At a July 2006 examination, Dr. Smith stated that Plaintiff was "highly manipulative throughout the interview. There was no evidence of her claims. There were multiple instances during the interview where she made claims that were not likely." (AR 543-44).

Second, the ALJ identified Plaintiff's history of contradictory statements regarding drug use and arrests. (AR 580). For example, Plaintiff "reported no history of drug dependency" in a 2002 psychiatric

evaluation. (AR 253). At a 2002 internal medical consultation, Plaintiff stated "she has a history of IV drug abuse, but quit nineteen years ago." (AR 277). At a 2006 psychiatric evaluation, Plaintiff stated "she never did drugs, then said she did some marijuana but not in 22 years." (AR 540). She later "denied a prior history of IV drug abuse" in a 2006 internal medicine evaluation. (AR 551).

Third, the ALJ cited Plaintiff performing activities that are inconsistent with claims of physical and psychological disability. These include: doing household chores, running errands, shopping, taking walks; maintaining relationships with friends and family; applying and interviewing for jobs; and performing occasional yard work. (AR 580, 761, 615).

Fourth, the ALJ noted that the record does not support Plaintiff's subjective claims. For example, despite Plaintiff's testimony regarding soreness and swelling in her joints, Dr. Bryan To found no swelling in Plaintiff's hands, feet, or ankles and no evidence of deformity, swelling, or tenderness in his July 2007 consultive physical evaluation. (AR 716, 581). Similarly, during Dr. Jacob Yang's 2007 psychiatric consultive evaluation, Plaintiff had a normal mood, memory, thought process, and no evidence of delusions. (AR 763). Plaintiff later complained of hallucinations, depressed mood, and poor memory at the hearing. (AR 612-14).

Plaintiff complains that the ALJ did not give enough consideration to Plaintiff's subjective testimony. (Jt. Stip. at 7-8). This complaint is based on the absence of an extended discussion of

Plaintiff's testimony in the ALJ's decision. (Jt. Stip. at 7). Although the ALJ did not explicitly discuss the details of Plaintiff's testimony, the ALJ's failure to address every item in the administrative record does not constitute legal error. (AR 579-80). An ALJ need not expressly discuss all of the evidence presented. Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) ("In interpreting the evidence and developing the record, the ALJ does not need to 'discuss every piece of evidence.'") (quoting Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998) and (citing Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984)).

Here, the ALJ summarized Plaintiff's testimony regarding her medical history, work history and alleged subjective symptoms. (AR 579-80). He then determined that her testimony is not wholly credible for the discussed reasons. (AR 580-81). The ALJ provided several clear and convincing reasons for rejecting Plaintiff's testimony. Remand is not required.

3. **The ALJ Posed A Proper Question To The Vocational Expert.**

Plaintiff finally asserts that the ALJ asked an improper hypothetical question to the vocational expert ("VE"). She argues the ALJ's question failed to incorporate: (1) Plaintiff's alleged use of a cane; and (2) the alleged side effects of Plaintiff's medications. The Court disagrees with each of these challenges.

### i. The ALJ Did Not Need to Incorporate Plaintiff's Alleged Use Of A Cane in His Hypothetical Question.

An ALJ need not include a claimant's alleged use of an assistive device in a hypothetical questions when there is no objective medical evidence demonstrating the claimant relies on the assistive device. Thomas, 278 F. 3d at 959; See Greger v. Barnhart 464 F. 3d 968, 973 (9th Cir. 2006) ("'[the ALJ] is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence'") (quoting Osenbrock v. Apfel, 240 F.3d 1157, 1164-65(9th Cir. 2001). When a record contains only "conclusory statements" that a claimant requires an assistive device, the ALJ may exclude it from questions to the VE. Thomas, 278 F. 3d at 959.

As the ALJ stated, there is virtually no objective medical evidence in this case showing that Plaintiff relies on a cane. (AR 580). Plaintiff only cites Dr. To's diagnosis that Plaintiff "may" need to use a cane to argue that the ALJ should have included the use of a cane in his question to the VE. (Jt. Stip. at 11). Conclusory statements regarding the use of an assistive device with no support in the record may be excluded in questions to the VE. Id. Accordingly, the ALJ was not required to incorporate Plaintiff's alleged use of a cane in his question to the VE.

### ii. The ALJ Did Not Need to Incorporate Plaintiff's Alleged Side Effects From Medications In His Questions to the Vocational Expert.

Plaintiff finally asserts that the ALJ failed to incorporate Plaintiff's "noted side effects" in his hypothetical question.[4] (Jt. Stip. at 11). However, Plaintiff does not identify what these side effects are or where they stem from. (See Jt. Stip. at 6-8, 11). Plaintiff does not refer to any objective evidence showing she suffers from side effects from her medications. During testimony, Plaintiff mentioned "passing out" and being unwilling to drive as side effects from medications she takes. (AR 611, 616). She offered no evidence to support these assertions.

A claimant bears the burden of showing impairments from the use of medications through clinical evidence. Miller v. Heckler, 770 F. 2d 845, 849 (9th Cir. 1985). Further, an ALJ may limit a hypothetical "to those impairments that are supported by substantial evidence in the record." Osenbrock v. Apfel, 240 F. 3d 1157, 1165 (9th Cir. 2001).

During testimony, Plaintiff claimed she suffers some side effects from her medications. (AR 611, 616). But she has produced virtually no medical evidence supporting these claims.

---

[4] Although Plaintiff fails to articulate with any specificity the nature or cause of her alleged side effects, the court will assume Plaintiff means side effects from medication.

Under <u>Osenbrock</u>, an ALJ is not required to include impairments that are unsupported by objective medical evidence in questions to the VE. <u>Osenbrock</u>, 240 F. 3d at 1165. Here, Plaintiff failed to present any objective evidence that she suffers side effects from her medications. Accordingly, the ALJ did not err by omitting mention of the alleged side effects in his hypothetical to the VE. Remand is not required.

## V. CONCLUSION

Consistent with the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g), IT IS ORDERED that judgment be entered AFFIRMING the decision of the Commissioner and dismissing this action with prejudice. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgement on counsel for both parties.

/S/

DATED: February 12, 2010

_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE